IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KIRCE, | No. 4:20-CV-01971 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MAMMOTH, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

MAY 6, 2022

In October 2020, Ryan Kirce sued his former employer, Mammoth, Inc., for discrimination under the Americans with Disabilities Act.[1] Mammoth answered, and the case proceeded to discovery.[2] But during this period, a dispute emerged about Kirce's medical records. In short, he was unwilling to allow Mammoth to review his session notes with doctors—information essential both to his claim that the Company's had discriminated against him because he suffered from posttraumatic stress disorder, and his entitlement to damages for emotional and mental distress.[3] After a telephone conference, I ordered Kirce to release this information within 14

---

1   Doc. 1.
2   Doc. 16.
3   *Id.*

days.[4] And Mammoth in turn entered into a protective order to safeguard Kirce's private medical information.[5]

But despite these Orders, Kirce did not sign the release for one of his doctor's records.[6] As a result, Mammoth moved for dismissal and monetary sanctions—to be paid by Kirce, not his counsel—under Federal Rule of Civil Procedure 37.[7] Kirce filed no response. That motion is now ripe for disposition.

In assessing motions for punitive dismissals, the first of Mammoth's claims, courts use the *Poulis v. State Farm Fire and Casualty Co.* balancing test. Under this standard, no one factor is dispositive, and not all must be satisfied for a dismissal to be warranted.[8] Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice of the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness, (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[9]

On the other hand, in assessing motions for monetary sanctions, the second of Mammoth's claims, courts look to whether the failure to adhere to the court order "was substantially justified or other circumstances make an award of expenses

---

[4] Doc. 19.
[5] Doc. 22.
[6] Doc. 24 at 4.
[7] Doc. 23; Doc. 24.
[8] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[9] *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

unjust."[10] Without this showing, Rule 37(b)(2)(C) provides that "court[s] must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure."[11]

By these standards, I find that Kirce's unwillingness to give access to his medical records warrants dismissal, but not a personal monetary sanction. To start, the *Poulis* factors weigh heavily in favor of dismissal. There is simply no other way to proceed: Kirce's case hangs on his medical records; he is responsible for signing off on their release; he has refused to do so; and his attorneys offer neither a defense, nor a response.[12]

This latter characteristic, however, is at the root of this Court's finding that requiring Kirce to pay expenses would be unjust. There are many reasons why a person might refuse to sign off on the release of their session notes. Some are legitimate—the notes may include information so personal that no potential jury award could justify their disclosure. Others are not. And there are also many reasons why a plaintiff's attorneys would elect not to respond to a motion seeking only to hold the plaintiff financially responsible. Some of these too are legitimate. Still others are not. As I see it, awarding costs would be simple enough if, for instance, Mammoth sought them from Kirce's attorneys for failing to voluntarily dismiss a

---

[10] Fed. R. Civ. P. 37(b)(2)(C).
[11] *Id.*
[12] *See Poulis*, 747 F.2d at 868; *See Saillant v. Trusle*, 2021 WL 4948083, at *1–2 (M.D. Pa. Oct. 25, 2021) (Connor, J.).

case they knew could not proceed, or if Kirce's attorneys had instead withdrawn and Mammoth offered evidence that Kirce brought the case in bad faith. But here, the Court has only Mammoth's assertion that it "seeks no monetary sanctions against Plaintiff's counsel as, based on information and belief, the decision not to sign the release for Dr. Pittington's records was solely that of Plaintiff."[13]

Against this clouded backdrop, it would be unjust to pin financial responsibility on a represented plaintiff, whose attorneys have provided no defense—and indeed lacked any incentive to do so.

**AND NOW**, **IT IS HEREBY ORDERED** that:

1. Defendant Mammoth, Inc's Motion for Monetary Sanctions under Rule 37 is **DENIED**.

2. Defendant Mammoth, Inc's Motion to Dismiss this case under Rule 37 is **GRANTED**.

3. This case is therefore **DISMISSED**, and the Clerk is directed to close the case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13] Doc. 24 at 8, n.2.